**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:04-CR-17-TS |
| | ) | |
| DAVID LEE REYNOLDS | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion for Re-Sentencing Hearing

[DE 160], filed on April 10, 2008. On April 24, the Government filed a Response [DE 161].

A jury found the Defendant guilty on one count of possession with intent to distribute

crack cocaine (Count 1), one count of distribution of crack cocaine (Count 2), and one count of

use of a firearm during and in relation to a drug trafficking crime (Count 3). On May 2, 2006, the

Defendant was sentenced to 87 months of imprisonment on Count 1 and 87 months of

imprisonment on Count 2, to be served concurrently with Count 1. He was also sentenced to 7

years of imprisonment on Count 3, to be served consecutively with Counts 1 and 2.

On April 8, 2008, after the United States Supreme Court ruled in *United States v. Booker*,

543 U.S. 220 (2005), that the Sentencing Guidelines must be advisory rather than mandatory,

and after the United States Sentencing Commission lowered the base offense level for crack

cocaine offenses and made the adjustment retroactive, this Court ordered the Defendant's

sentences on Counts 1 and 2 to be reduced from 87 months to 71 months of imprisonment, with

the sentences to be served concurrently. The Court's Order, which granted the Defendant's

Petition for Reduction of Sentence Due to Amended Sentencing Guidelines [DE 157], also stated

that the Defendant's consecutive 84-month sentence on Count 3 was not affected by the crack

cocaine Sentencing Guideline amendment.

Then, on April 10, 2008, the Defendant filed a Motion for Re-Sentencing Hearing [DE 160], requesting that the Court conduct a full resentencing hearing and arguing that the Court should not limit its review to those changes to the Sentencing Guidelines that are related to crack cocaine but that the Court should look at all factors listed in 18 U.S.C. § 3553. The Government responded that the Defendant is not entitled to a resentencing and that his request is moot in light of the fact that he already received the sentence reduction he requested.

On February 4, 2009, the Seventh Circuit in *United States v. Cunningham*, 554 F.3d 703 (7th Cir. 2009), held that district courts, when considering a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), does not have the authority to reduce a defendant's sentence below the retroactively amended Sentencing Guidelines range that was based on *Booker*. As noted above, the Court on April 8, 2008, granted the Defendant's request for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2), and under the Seventh Circuit's decision in *Cunningham*, the Court lacks authority to reduce his sentence below the retroactively amended Sentencing Guidelines range. As a consequence, the Defendant's Motion for Re-Sentencing Hearing will be denied.

For the foregoing reasons, the Court DENIES the Defendant's Motion for Re-Sentencing Hearing [DE 160].

SO ORDERED on March 19, 2009.

S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT