UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:04-CR-17 TLS |
| | ) | (1:07-CV-315) |
| DAVID L. REYNOLDS, | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Before the court is Defendant David L. Reynolds's ("Reynolds's") Motion pursuant to 28 U.S.C. §2255 to "Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." The Government responded in opposition to which Reynolds replied.

Reynolds initially raises several grounds for relief in his § 2255 petition, all of which relate to the performance of counsel by the various attorneys representing him. And, while in his initial filing he lists a panoply of complaints against both his trial and sentencing counsel, in his reply brief, Reynolds states that his main complaint is that Attorney Nakos did not "properly advise [] the defendant from proceeding to trial in a case that offered no real line of defense." Instead, Reynolds states that Attorney Nakos should have advised him that a plea agreement was the only chance he had to lessen his sentencing exposure. He further claims that Attorney Nakos did not fully advise him as to the absence of a defense in his case or the potential sentence he faced if he proceeded to trial and was convicted. To support his contentions, Reynolds submits a sworn affidavit wherein he avers the following:

...7. At no time prior to proceeding to trial did I ever know or consider that I could receive a sentence of such length upon conviction by a jury.

1

> 8. In deciding to proceed to trial, my attorney, at no time explained to me the fact that I had no credible defense and no real sound trial strategy.
> 9. If at any time counsel would have broken down the severe deficiencies of my defense and the severity of my sentence exposure, I would have requested the negotiations of a plea to limit my exposure.
> 10. I was always willing to entertain a reasonable plea but I was never led to understand I had no possible chance to win at trial.

Reynolds Aff. p. 2 (attached to Reply Brief). Reynolds reply brief effectively abandons any other grounds for ineffective assistance against Attorney Nakos or Attorney Allen and proceeds solely on the above claim against Attorney Nakos.

In order to raise a viable ineffective assistance of counsel claim, Reynolds must satisfy the two-prong test articulated in *Strickland v. Washington,* 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong of the *Strickland* test requires a showing that "counsel's representation fell below an objective standard of reasonableness." In other words, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and the petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id.* at 687, 690, 104 S.Ct. 2052. In general, "[a] criminal defendant has a right to expect at least that his attorney will review the charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available." *Smith v. United States,* 348 F.3d 545, 553 (6th Cir.2003). So long as counsel performs these minimal tasks, "the ultimate decision of whether to go to trial must be made by the person who will bear the ultimate consequence of a conviction." *Id.* at 552.

The second prong of the *Strickland* test requires that the petitioner show "that there is a

2

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. In other words, the "prejudice" element "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

From the allegations in Reynolds's reply, he raises a factual issue as to whether counsel's performance fell below the standards of professionally competent assistance. Indeed, "[a] convicted defendant may establish that his counsel's performance was deficient by showing that his counsel failed to sufficiently counsel him on the decision of whether to go to trial." *United States v. Williams*, 2009 WL 348805 (W.D.Tenn. February 10, 2009). "One of the most important duties of an attorney representing a criminal defendant is advising the defendant about whether he should plead guilty." *United States v. Herrera,* 412 F.3d 577, 580 (5th Cir.2005).[1] "An attorney fulfills this obligation by informing the defendant about the relevant circumstances and the likely consequences of a plea." *Id.* (citing *Teague v. Scott,* 60 F.3d 1167, 1170 (5th Cir.1995)); *see also Childress v. Johnson,* 103 F.3d 1221, 1227 (5th Cir.1997) (citation omitted) ("It is clear that a defendant is entitled to the effective assistance of counsel in determining how to plead, ... and can attack his conviction collaterally if he is not given this right."). While the decision of whether to proceed to trial or enter a guilty plea rests at all times with the client, an attorney has a "clear obligation to fully inform her client of the available options." *Smith v. U .S.,* 348 F.3d 545, 552 (6th Cir.2003); see also *Jones v. United States*, 2008 U.S. Dist. LEXIS 24908, at *7, 2008 WL 886119

---

[1]The court is aware of a letter in the record from Attorney Nakos, filed as an exhibit to Reynolds's petition, wherein Attorney Nakos confirms that he and Reynolds spoke about the possiblitiy of a guilty plea but Reynolds did not wish to plead guilty. While this letter does undercut Reynolds's assertion that his attorney did not advise him as to a guilty plea, it does not address the issue of whether Attorney Nakos provided Reynolds with a complete picture of his defense at trial or the probable consequences of rejecting the offered plea agreement.

3

(D.Md. Mar. 28, 2008) (citing *Jones v. Murray,* 947 F.2d 1106, 1110-1111 (4th Cir.1991)) (holding that defense counsel must undertake the following duties: "(1) notify the client of a plea offer; (2) advise the client of the option to proceed to trial; (3) present the client with the probable outcomes of both the guilt and sentencing phases of each alternative; and (4) permit the client to make the ultimate decision.").

In this case, Reynolds has belatedly raised the issue that Nakos failed to sufficiently advise him of all the relevant facts of the case, estimate the likely sentence in the event he was convicted at trial, and discuss with him the likelihood of a successful defense. *See United States v. Turner,* 2007 WL 1521115, *1-2 (N.D.Tex. May 23, 2007) (finding deficient performance where attorney (1) never discussed with defendant the application of Sentencing Guidelines if he went to trial as opposed to pled guilty; (2) never apprised him of the option to plead guilty without a plea agreement; and (3) did not discuss acceptance of responsibility until days before the trial). Because Reynolds raised this issue for the first time in his reply, the Government has not had an opportunity to respond to the assertions or to present any counter-evidence to Reynolds' affidavit it may have at its disposal. Accordingly, the Government is hereby provided with (45) forty-five days to file a sur-reply limited to the issue raised by Reynolds in his reply brief. Once the court is in receipt of that filing, it shall determine whether the filings necessitate an evidentiary hearing or can be decided on the briefs.

## **CONCLUSION**

In accordance with this Order, the Government has (45) forty-five days to file a sur-reply to Reynolds's petition pursuant to 28 U.S.C. §2255.

SO ORDERED.

This 7th day of December, 2009.

                                                                                              s/ Theresa L. Springmann
                                                                                              THERESA L. SPRINGMANN
                                                                                              UNITED STATES DISTRICT COURT